Arold H. Ripperger v. Commissioner.
Ripperger v. Commissioner
Docket No. 77013.
United States Tax Court
T.C. Memo 1961-58; 1961 Tax Ct. Memo LEXIS 290; 20 T.C.M. (CCH) 307; T.C.M. (RIA) 61058; February 28, 1961
R. Carleton Sharretts, Jr., Esq., Munsey Bldg., Baltimore, Md., for the petitioner. Herbert A. Seidman, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income taxes and additions to tax against petitioner for the calendar years *291 1949 through 1954 as follows: Additions to Tax
Section
Section
Section
Section
Section 294
Year
Deficiency
6653(b) [1]
293(b) [2]
291(a) [2]
294(d)(2) [2]
(d)(1)(A) [2]
1949
$ 280.00
$140.00
$ 49.30
1950
215.00
107.50
29.65
$ 7.12
$ 10.69
1951
612.84
306.42
126.21
30.29
45.43
1952
1,726.96
863.48
390.74
93.78
140.65
1953
1,021.32
510.66
233.23
55.98
83.95
1954
1,041.58
$520.79
51.75
79.77
Petitioner concedes that he is liable for the deficiencies in income taxes in the amounts determined by respondent for the years 1949 through 1954. These amounts were paid by petitioner prior to the hearing in this proceeding. Petitioner further concedes liability for the additions to tax determined by respondent under section 291(a) for the years 1949 through 1953, and under sections 294(d)(2) and 294(d)(1)(A) for the years 1950 through 1954. The sole issue remaining for decision is whether any part of the deficiency for each of the years involved is "due to fraud with intent to evade tax" within the meaning of section 293(b) of the Internal Revenue Code *292 of 1939 and section 6653(b) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated by the parties. We find those facts to be as stipulated and incorporate herein by this reference the stipulation and the exhibits attached thereto. Petitioner is an individual residing at Glen Arm, Baltimore County, Maryland. He was born and reared in Baltimore, Maryland. He attended the public schools of that city and graduated from high school in 1937. While employed by the Safe-Deposit Trust Company petitioner studied law at the University of Baltimore and graduated in 1940. He was admitted to the Maryland bar in September 1941. Thereafter he worked as an assistant underwriter in the public liability department of the Maryland Casualty Company until October 1942 when he became an investigator in the rent control section of the Office of Price Administration. In February 1944 petitioner left this job to begin the practice of law. On July 31, 1944, petitioner was inducted into the United States Navy. His duties in the Navy were largely clerical in nature although a portion of his time was spent as a chaplain's assistant. Petitioner *293 was honorably discharged from the Navy on February 22, 1946, and he resumed the practice of law in March 1946. Petitioner supplemented his income by employment as a choirmaster and organist for various churches in Baltimore and as a substitute teacher in the Baltimore schools. Petitioner is married and was married during the taxable years. He had three children who during 1960 were 19, 16, and 9 years of age. In the years 1946, 1947, and 1948 petitioner filed his individual Federal income tax returns and paid the taxes due thereon at the office of the then collector of internal revenue, Baltimore, Maryland. During those years and through 1949 petitioner maintained a single-bound book to show the cash collected and expended applicable to his practice of law. From 1950 to 1954 he discontinued the single entry book and thereafter kept a daybook in which he entered his appointments and some of his fees. During the taxable years the total amount of his fees would be determined only by an examination of his daybook, his checkbooks, and notations in and on his office files. During the years involved he did not make any computations to ascertain the amount of his income. Sometime after *294 1954, however, and when his tax liability was being investigated, petitioner was able to compute in about 30 hours' time the figures subsequently accepted by respondent as substantially constituting his income and expenses for each of the years involved herein. From 1949 through 1954 the only Federal income taxes paid by petitioner were those withheld from his church salaries and a salary paid by a corporation for a period of 8 weeks. The latter salary was authorized by petitioner himself while serving as president of a corporation previously run by a client under whose will petitioner was named executor. Petitioner instructed the corporation's bookkeeper to withhold the taxes due on the salary. Petitioner's professional fees from the practice of law and his business expenses for the years 1949 through 1954 were as follows: Professional
Business
Year
Fees
Expenses
1949
$3,006.76
$349.25
1950
2,242.71
135.00
1951
4,556.92
62.46
1952
8,483.05
282.59
1953
5,977.01
329.50
1954
6,551.93
376.62
During those years petitioner also received wages as a church organist as follows: 1949
$1,200.00
1950
1,285.00
1951
1,320.00
1952
1,320.00
1953
1,546.68
1954
1,500.00
*295 Federal income taxes were withheld and paid with regard to these wages by petitioner's employers and appropriate Forms W-2 were filed. It is stipulated that petitioner's adjusted gross income for the year 1949 was in the amount of $3,857.51 and for the year 1950 was in the amount of $3,392.71, that his net income for the year 1951 was in the amount of $5,314.46, for the year 1952 in the amount of $9,020.46, and for the year 1953 in the amount of $6,694.19, and that his taxable income for the year 1954 was in the amount of $4,775.31. Petitioner did not file Federal individual income tax returns for the taxable years 1949 through 1954 at the time those returns were required to be filed, nor had he filed such returns as of April 15, 1957. Petitioner has never filed declarations of estimated tax for the years 1949 through 1954, nor has he made any quarterly payments of estimated taxes for those years. Petitioner knew that he had sufficient income to incur tax liability and to require the filing of returns for those years. During the years involved herein and in connection with his practice of law petitioner assisted other taxpayers in the preparation of their income tax returns, *296 in some instances almost annually. In 1954 petitioner attended a 6-meeting seminar devoted to the changes in the internal revenue laws resulting from the enactment of the Internal Revenue Code of 1954. A certificate of assessments and payments prepared by the district director in Baltimore indicates that an overpayment of $4 in 1946 was credited to the petitioner's 1947 estimated tax, but there is nothing in the record to show that petitioner has ever filed a declaration of estimated tax. At various times during the years involved herein petitioner maintained a special checking account in the Baltimore National Bank. This was an attorney's account and contained some funds which were not exclusively petitioner's. On March 27, 1952, this account had a balance of $1,853.45 and the average balance during the period October 7, 1951, to January 17, 1952, was $3,200. From March 27 to September 2, 1952, the average balance in the same account was $1,800. A joint account in the names of petitioner and his wife in the Towson National Bank had an average balance of $404 in the period August 30, 1952, to May 2, 1955. In March 1953 the balance was $255; from March 1 to March 26, 1954, the balance *297 was $702.18; and in March 1955 the balance was $70.53. Another joint account in the Loyola Federal Savings and Loan Association contained funds saved from the earnings of petitioner's wife, the average balance in the period June 3, 1949, to December 31, 1954, being approximately $400. The balances in this account as of March 1950, 1951, 1952, 1953, 1954, and 1955 were in the respective amounts of $376.16, $202.27, $456.61, $324.10, $303.48, and $862.21. In 1951 petitioner sold for $13,000, less commission, his city home which cost him $7,350. After paying off a mortgage balance petitioner realized about $6,000 on the sale, a part of which was applied to the purchase price of his newly purchased home in the country and the remainder was used for remodeling and other expenses in connection therewith. Petitioner's wife was employed as secretary by the Sturdy-Form Awning and Shade Company, a corporation owned by her father, and she signed the corporation's income tax return in 1952. She was also the secretary-treasurer of that corporation. During the years 1949 through 1954 she failed to file individual income tax returns, and she was aware that her husband, the petitioner, had not filed *298 returns for the same years. On or about November 18, 1955, petitioner was questioned by agents of the Internal Revenue Service in Baltimore about his failure to file returns. He agreed to make his records available to the agents assigned to compute his tax liability. Petitioner prepared a schedule of fees received from his law practice which was substantially verified by the agents, the only discrepancy amounting to $15. Petitioner was cooperative and made all of his records available to the agents assigned to his case. On November 9, 1956, petitioner was charged in a 2-count information filed in the United States District Court for the District of Maryland with having willfully failed to file individual income tax returns for the calendar years 1953 and 1954 in violation of section 145(a) of the Internal Revenue Code of 1939 and section 7203 of the Internal Revenue Code of 1954. Petitioner was tried without a jury before Judge Roszel C. Thomsen on April 22, 1957, found guilty of both counts contained in the information, and sentenced to a period of imprisonment of 3 months for each count contained in the information. The sentences *299 were to run concurrently. The United States Circuit Court of Appeals for the Fourth Circuit affirmed the conviction in a per curiam opinion on October 21, 1957. The United States Supreme Court denied certiorari on February 3, 1958, 355 U.S. 940. Petitioner served his sentence beginning February 10, 1958, at the Federal Correctional Institution at Danbury, Connecticut. A part of the deficiency for each of the years involved was due to fraud with intent to evade tax within the meaning of section 293(b) of the Internal Revenue Code of 1939[1] and section 6653(b) of the Internal Revenue Code of 1954. [2]
*300 Opinion KERN, Judge: In spite of a certain degree of sympathy for petitioner elicited by the circumstances of this case and his demeanor and appearance on the witness stand, we have come to the conclusion on the facts established by the record that a part of the deficiency in petitioner's Federal income taxes for each of the years here involved was due to fraud with intent to evade tax. Petitioner was a lawyer who had had some experience in tax matters and who admittedly knew of his obligation to pay income taxes and to file the proper returns. He found it difficult to support a growing family and at the same time to pay these taxes and made the deliberate decision to abstain from paying them, not for only 1 quarter or for 1 year but for a period of 5 years only ending when the matter of his nonpayment was investigated by respondent's agents. Accordingly, and as a corollary of this decision, he failed to file any returns or declarations of estimated tax for any of these years. At the same time he changed his rudimentary method of keeping his accounts to one even more rudimentary. During this period he made no computations of his income taxes payable and made it more difficult *301 to make such computations. He made no effort to obtain from respondent an extension of time within which to make tax payments or to file returns and no inquiry as to the possibility of making installment payments. Petitioner's explanation for his failure to file returns for the years 1949 through 1954 was that he did not have the money with which to pay the taxes which would be due, and that he was under the impression that he could not file a return without making payment of the tax shown as due thereon. He also testified that he always intended to pay whatever taxes were due at some future time when he could afford to. Our own conclusion, on the entire record, is that petitioner decided not to pay his taxes for the 5 years in question because in his opinion he had more pressing obligations, that his failure to file any returns for these years was part of this plan to evade taxes, and that any vague intention to pay in the future was conditioned on the contingency of his being caught. Decision will be entered for the respondent. Footnotes
1. 1954 I.R.C.↩
2. 1939 I.R.C.↩
1. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. * * *
(b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d)(2). ↩
2. SEC. 6653. FAILURE TO PAY TAX. * * *
(b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a).↩